# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| YOUNG LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. BANK TRUST, N.A.; CALIBER HOME LOANS, INC.; MISAEL VASQUEZ; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: SACV 18-01095-CJC(RAOx)<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION & BACKGROUND

On May 21, 2018, Plaintiff Young Lee filed a Complaint in the Orange County Superior Court against Defendants U.S. Bank Trust, N.A., Caliber Home Loans, Inc., Misael Vasquez, and Does 1 through 10. (Dkt. 1, Ex. A [Complaint, hereinafter

"Compl."].) The dispute arises out of Plaintiff's alleged wrongful eviction from real property located at 2244 Shapiro St., Fullerton, CA 92833. (*Id.*) Plaintiff asserts causes of action for forcible entry, forcible detainer, civil trespass, conversion, declaratory relief, and injunctive relief. (*Id.*) The claims for declaratory relief and injunctive relief are based in part on alleged violations of the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). (*Id.*) On June 20, 2018, Defendants removed the action to this Court on the basis of federal question jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR."].) On July 20, 2018, Plaintiff filed the instant motion to remand the case, arguing the Court lacks federal jurisdiction. (Dkt. 14 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is GRANTED.[1]

## II. DISCUSSION

Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

---

[1] On August 28, 2018, Plaintiff filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) for his claims against Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A. (Dkt. 17.) The Clerk of the Court noted that Defendants had already filed an Answer to Plaintiff's Complaint. (Dkt. 18.) As the Court concludes that it lacks subject matter jurisdiction, it does not address whether Plaintiff may voluntarily dismiss his claims against Caliber Home Loans, Inc. and U.S. Bank Trust, N.A. after Defendants have filed an Answer. (*See* Dkt. 18.)
 Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 10, 2018, at 1:30 p.m. is hereby vacated and off calendar.

For federal question jurisdiction to exist, the action must arise under federal law. 28 U.S.C. § 1331. An action arises under federal law if federal law creates the cause of action or plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 245 U.S. 308, 314 (2005).

Plaintiff's complaint alleges violations of the PTFA, a federal law that provides certain protections to tenants during foreclosures, including a 90-day notice requirement. Neither party has addressed whether alleged violations of the PTFA meet § 1331's "arising under" requirement. Defendants argue there is federal question jurisdiction because Plaintiff alleges violations of the federal PTFA, but Defendants do not specifically address how Plaintiff's claims arise under federal law. (Dkt. 15 [Opposition, hereinafter "Opp."] at 3.) Plaintiff, proceeding in pro per, has acknowledged that his claims for declaratory relief and injunctive relief involve federal law. (Mot. at 2.) The Court, however, may determine *sua sponte* whether it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Since the PTFA does not create a private right of action and Plaintiff's right to relief does not depend on a substantial question of federal law, the Court concludes that it lacks subject matter jurisdiction.

The PTFA neither explicitly nor implicitly creates a private right of action for tenants to enforce its provisions. *Logan v. U.S. Bank Nat'l Ass'n*, 772 F.3d 1163, 1169 (9th Cir. 2013). The PTFA's text does not explicitly reference the availability of any action to enforce the statute's provisions, describe a forum in which an enforcement suit may be brought, or identify a plaintiff for whom such a forum is available. *Id.* at 1170. The PTFA's text, structure, and legislative history do not indicate any congressional intent to create a private right of action. *Id.* at 1773. *Logan* thus affirmed the dismissal of a complaint for lack of subject matter jurisdiction where the plaintiff sought injunctive

relief and damages for alleged violations of PTFA. *Id.* at 1165–66. Similarly, the PTFA does not create a federal cause of action for Plaintiff's claims here.

In the absence of a federal cause of action, federal question jurisdiction will lie over state law claims that "really and substantially" involve a dispute or controversy respecting the validity, construction, or effect of federal law. *Grable*, 545 U.S. at 314. Plaintiff's state law claims could raise federal issues involving the PTFA. Federal jurisdiction over such state law claims will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Plaintiff's state law claims do not necessarily depend on resolution of a substantial question of federal law. Plaintiff's claims may raise an actually disputed federal issue as to whether Defendants complied with the PTFA. However, there is no substantial federal interest at stake, as claims related to Plaintiff's alleged wrongful eviction are "fact-bound and situation-specific." *Cf. Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). The congressionally approved balance of federal and state judicial responsibilities also weighs against exercising federal jurisdiction. The PTFA's framing suggests that Congress intended to provide a defense in state eviction proceedings, rather than a basis for offensive suits in federal court. *Logan*, 772 F.3d at 1173. The absence of a private right of action likewise indicates that Congress did not intend to confer federal question jurisdiction under § 1331 over state law claims that refer to the PTFA. *Shanks v. Dressel*, 540 F.3d 1082, 1093–94 (9th Cir. 2008). Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims relating to the PTFA.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.

DATED:     August 30, 2018

_____
CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE